1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD ISAAC JOHNSON,

                                    Plaintiff,

          v.

ANDREW GILDEHAUS, KENNETH
HENSON, STATE OF WASHINGTON,
PIERCE COUNTY, CITY OF LAKEWOOD,
LAKEWOOD POLICE DEPARTMENT,
CITY OF TACOMA, PIERCE COUNTY
JAIL, PIERCE COUNTY SUPERIOR
COURTS, DEPARTMENT OF ASSIGNED
COUNSEL, MARK LINDQUIST, BRYCE
NELSON,

                                    Defendants.

No. C12-5818 RBL/KLS

ORDER TO AMEND OR SHOW CAUSE

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in

forma pauperis*.  Presently before the Court for review is Plaintiff's proposed civil rights

complaint.  ECF No. 4.  The Court will not direct service of Plaintiff's complaint at this time

because it is deficient, as is explained in further detail below.  Plaintiff will be given an

opportunity to amend his complaint.

                                    **DISCUSSION**

        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

ORDER TO AMEND OR SHOW CAUSE- 1

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint

are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In other words, failure to present enough facts to state a claim for relief that is plausible on the

face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory

allegations of the law, unsupported conclusions, and unwarranted inferences need not be

accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply

essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of*

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that

amendment would be futile, however, a pro se litigant must be given the opportunity to amend

his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must

provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it

rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).  In addition, in

ORDER TO AMEND OR SHOW CAUSE- 2

order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff purports to sue various Lakewood Police officers, the State of Washington, Pierce County, the Cities of Lakewood and Tacoma, the Pierce County Jail, the Pierce County Superior Courts, the Department of Assigned Counsel, and the Prosecuting Attorney, all in connection with an on-going criminal case, Case No. 12-1-01235-2 in Pierce County Superior Court.  ECF No. 4.   Plaintiff claims that he is being falsely accused, that he was kidnapped by Lakewood police officers, illegally transported from Lakewood to Tacoma, is being maliciously prosecuted, slandered, was sprayed with pepper spray, basically "left for dead", and is being subjected to improper procedures and cruel and unusual punishment.  *Id.*, at 15.   Although Plaintiff states that he is presently incarcerated at the Pierce County Jail, he has provided the Court with a home address in Dupont, Washington.  See Docket.

Plaintiff brings this action under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

ORDER TO AMEND OR SHOW CAUSE- 3

1    Plaintiff's complaint fails to state a cognizable claim under § 1983.  First, he has not

2    named proper defendants.  A state public defender performing traditional lawyer functions is not

3    a state actor.  See, e.g., *French v. Carlson,* 368 Fed.Appx. 839 (9th Cir. 2010).  Prosecutors are

4    absolutely immune from damages under section 1983 when acting within the scope of their

5    duties in presenting the state's case. See *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984, 47

6    L.Ed.2d 128 (1976) (applying absolute immunity to bar a section 1983 action alleging that a

7    prosecutor knowingly used false testimony at trial).  Judges are absolutely immune from liability

8    for damages in civil rights suits for judicial acts performed within their subject matter

9    jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072,

10   1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per

11   curiam).

12           While counties or cities, such as Pierce County, or the Cities of Lakewood and Tacoma,

13   may be sued under § 1983, the Plaintiff must allege that he was harmed as a result of a "custom

14   or policy" of the county.  See *Board of County Com''rs v. Brown*, 520 U.S. 397, 117 S.Ct. 1382,

15   1388, 137 L.Ed.2d 626 (1997); *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir.1996).

16   Entities such as the Lakewood Police Department, the Pierce County Jail, and the Department of

17   Assigned Counsel are not "persons" for purposes of a section 1983 civil rights action.  Finally,

18   the State of Washington is not a proper party because it is well-established that the Eleventh

19   Amendment affords non-consenting states constitutional immunity from suit in both federal and

20   state courts.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State*

21   *Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

22   Similarly, a suit against a state official in his or her official capacity is not a suit against the

ORDER TO AMEND OR SHOW CAUSE- 4

1   official but rather is a suit against the official's office and thus the state.  *Will v. Mich. Dep't of*

2   *State*, 491 U.S. at 71.

3          Even if Plaintiff were granted leave to amend his complaint to name a proper defendant,

4   the lawsuit here could not proceed because Plaintiff is attempting to challenge the propriety of

5   ongoing proceedings in Pierce County Superior Court.  Generally, federal courts will not

6   intervene in a pending criminal proceeding absent extraordinary circumstances where the danger

7   of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46

8   (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994),

9   cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings

10  implicate important state interests and offer adequate opportunity to litigate federal constitutional

11  issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th

12  Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1)

13  ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding;

14  and (3) an adequate opportunity to raise federal questions in the proceedings).

15         Only in the most unusual circumstances is a petitioner entitled to have the federal court

16  intervene by way of injunction or habeas corpus before the jury comes in, judgment has been

17  appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65

18  (9th Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S.

19  1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and

20  immediate, for example where the state law is flagrantly and patently violative of express

21  constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

22  circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.

ORDER TO AMEND OR SHOW CAUSE- 5

There are no extraordinary circumstances here warranting intervention by this Court in any ongoing state proceeding and, therefore, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 26, 2012.**  If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms how each named defendant is involved.   The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

ORDER TO AMEND OR SHOW CAUSE- 6

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 26, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 7

1  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

2  **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**

3  **this Order and a copy of the General Order to Plaintiff**.

4

5

6  **DATED** this  24th  day of September, 2012.

7

8  Karen L. Strombom
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO AMEND OR SHOW CAUSE- 8