UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD ISAAC JOHNSON,

                Plaintiff,

   v.

STATE OF WASHINGTON, PIERCE COUNTY, CITY OF TACOMA, PIERCE COUNTY JAIL, PIERCE COUNTY JAIL STAFF, CORRECTIONAL OFFICER SHULTZ, PIERCE OCUNTY SUPERIOR COURT JUDICIARY, DEPARTMENT OF ASSIGNED COUNSEL, BRYCE NELSON, CITY OF LAKEWOOD, LAKEWOOD POLICE DEPARTMENT, KENNETH HENSON, and ANDREW GILDEHAUS,

                Defendants.

No. C12-5818 RBL/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Presently before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 3. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below. Plaintiff will be given an opportunity to show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

ORDER TO AMEND OR SHOW CAUSE- 1

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply essential facts that an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

ORDER TO AMEND OR SHOW CAUSE- 2

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff purports to sue various Lakewood Police officers, the State of Washington, Pierce County, the Cities of Lakewood and Tacoma, the Pierce County Jail, the Pierce County Superior Courts, the Department of Assigned Counsel, and the Prosecuting Attorney, all in connection with an on-going criminal case, Case No. 12-1-01235-2 in Pierce County Superior Court.  ECF No. 3.  Plaintiff claims that he is being falsely accused, that he was kidnapped by Lakewood police officers, illegally transported from Lakewood to Tacoma, is being maliciously prosecuted, slandered, was sprayed with pepper spray, and is being subjected to improper procedures and cruel and unusual punishment.  *Id.*  Plaintiff previously filed an almost identical lawsuit against these same parties on September 12, 2012 in Case No. C12-5818RBL.  In that case, the Court has declined to serve his complaint because it is deficient. See ECF No. 6 (Order to Show Cause).  The Court explained in some detail why Plaintiff's complaint was deficient and has ordered him to show cause why his complaint should not be dismissed or alternatively, given Plaintiff until October 26, 2012 to submit an amended complaint that states a viable complaint under 42 U.S.C. Section 1983.

ORDER TO AMEND OR SHOW CAUSE- 3

This action is duplicative and cannot be maintained.  Plaintiff must explain to this Court why this case should not be dismissed.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 26, 2012.**   If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms how each named defendant is involved.   The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

ORDER TO AMEND OR SHOW CAUSE- 4

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 26, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 5

1 | **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
2 | **1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of**
3 | **this Order and a copy of the General Order to Plaintiff.**

   **DATED** this  1st day of October, 2012.

   *[signature]*
   Karen L. Strombom
   United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6