1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD ISAAC JOHNSON,<br><br>                              Plaintiff,<br><br>        v.<br><br>ANDREW GILDEHAUS, KENNETH HENSON, STATE OF WASHINGTON, PIERCE COUNTY, CITY OF LAKEWOOD, LAKEWOOD POLICE DEPARTMENT, CITY OF TACOMA, PIERCE COUNTY JAIL, PIERCE COUNTY SUPERIOR COURTS, DEPARTMENT OF ASSIGNED COUNSEL, MARK LINDQUIST, BRYCE NELSON,<br><br>                              Defendants. | No. C12-5818 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 21, 2012** |

        This civil rights action has been referred to the undersigned United States Magistrate

Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

Plaintiff, a prisoner filing *pro se,* was been granted leave to proceed *in forma pauperis*.  ECF No.

4.  On September 24, 2012, the Court reviewed Plaintiff's Complaint (ECF No. 5) and found it to

be deficient.  The Court ordered Plaintiff to show cause why his complaint should not be

dismissed.  ECF No. 6.  In the alternative, Plaintiff was allowed until October 26, 2012 to file an

amended complaint to cure the deficiencies of his complaint.  *Id.*  Plaintiff did not file an

amended complaint or otherwise respond to the Court's Order.

        Because Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983, the

undersigned recommends that this case be **dismissed without prejudice.**

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that

REPORT AND RECOMMENDATION - 2

amendment would be futile, however, a pro se litigant must be given the opportunity to amend

his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must

provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it

rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in

order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the

particular defendant has caused or personally participated in causing the deprivation of a

particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must

commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and

which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff purports to sue various Lakewood Police officers, the State of Washington,

Pierce County, the Cities of Lakewood and Tacoma, the Pierce County Jail, the Pierce County

Superior Courts, the Department of Assigned Counsel, and the Prosecuting Attorney, all in

connection with an on-going criminal case, Case No. 12-1-01235-2 in Pierce County Superior

Court.  ECF No. 4.   Plaintiff claims that he is being falsely accused, that he was kidnapped by

Lakewood police officers, illegally transported from Lakewood to Tacoma, is being maliciously

prosecuted, slandered, was sprayed with pepper spray, basically "left for dead", and is being

subjected to improper procedures and cruel and unusual punishment. *Id.*, at 15.   Although

Plaintiff states that he is presently incarcerated at the Pierce County Jail, he has provided the

Court with a home address in Dupont, Washington.  See Docket.

Plaintiff brings this action under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. §

1983, a complaint must allege: (i) the conduct complained of was committed by a person acting

REPORT AND RECOMMENDATION - 3

under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's complaint fails to state a cognizable claim under § 1983.  First, he has not named proper defendants.  A state public defender performing traditional lawyer functions is not a state actor.  See, e.g., *French v. Carlson,* 368 Fed.Appx. 839 (9th Cir. 2010).  Prosecutors are absolutely immune from damages under section 1983 when acting within the scope of their duties in presenting the state's case. See *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (applying absolute immunity to bar a section 1983 action alleging that a prosecutor knowingly used false testimony at trial).  Judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

While counties or cities, such as Pierce County, or the Cities of Lakewood and Tacoma, may be sued under § 1983, the Plaintiff must allege that he was harmed as a result of a "custom or policy" of the county.  See *Board of County Com''rs v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997); *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir.1996). Entities such as the Lakewood Police Department, the Pierce County Jail, and the Department of Assigned Counsel are not "persons" for purposes of a section 1983 civil rights action.  Finally, the State of Washington is not a proper party because it is well-established that the Eleventh

REPORT AND RECOMMENDATION - 4

Amendment affords non-consenting states constitutional immunity from suit in both federal and state courts. *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). Similarly, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and thus the state. *Will v. Mich. Dep't of State*, 491 U.S. at 71.

Even if Plaintiff were granted leave to amend his complaint to name a proper defendant, the lawsuit here could not proceed because Plaintiff is attempting to challenge the propriety of ongoing proceedings in Pierce County Superior Court.  Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus before the jury comes in, judgment has been appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and

REPORT AND RECOMMENDATION - 5

immediate, for example where the state law is flagrantly and patently violative of express

constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

There are no extraordinary circumstances here warranting intervention by this Court in

any ongoing state proceeding and, therefore, Plaintiff's claims are not cognizable under 42

U.S.C. § 1983.

## CONCLUSION

Plaintiff was previously advised that he failed to assert denial of a right secured by the

Constitution or laws of the United States.  Plaintiff was given an opportunity to show cause why

his complaint should not be dismissed or to file an amended complaint.  He failed to file an

amended complaint or otherwise respond to the Court's Order.  Plaintiff has failed to state a

cognizable claim pursuant to 42 U.S.C. § 1983.  Accordingly, it is recommended that this case

**dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on

**December 21, 2012,** as noted in the caption.

**DATED** this  30th  day of November, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6